# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

VERNIST McCRANEY                                                                                    PLAINTIFF
ADC #138122

V.                                          NO: 5:08CV00301 JLH/HDY

CONNIE EFIRD *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District
      Judge (if such a hearing is granted) was not offered at the
      hearing before the Magistrate Judge.

1

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on November 10, 2008. On August 21, 2009, Defendant Robert Scott filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #65-#67). On August 27, 2009, Defendants Connie Efird, Clayton Lagrone, and Mark Cashion, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #68-#70). Plaintiff filed responses to the motions, along with a brief in support, and statements of fact, on October 9, 2009 (docket entries #75-#79). Scott filed a reply on October 15, 2009 (docket entry #78).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he is a diabetic who was required to perform field work, which was beyond his physical capabilities, when he was housed at the ADC's Delta Regional Unit. The assignment allegedly caused his health to deteriorate "at a rapid pace." In both motions for summary judgment, Defendants assert that Plaintiff failed to properly exhaust his administrative remedies before he filed suit. Because Plaintiff failed to name any Defendant in the one grievance he has exhausted, he has failed to achieve proper exhaustion, and both motions should be granted.[1]

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731,733-

---

[1] Defendants also assert that Plaintiff filed this lawsuit before he fully exhausted the grievance that has been exhausted. However, because Plaintiff failed to name any Defendant in his exhausted grievance, the Court need not consider Defendants' other arguments.

34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of his claim that Plaintiff failed to exhaust any grievance against him before he filed this lawsuit, Scott has provided a declaration by Charlotte Gardner, who is the medical grievance investigator for the ADC (docket entry #65, exhibit C). According to Gardner, Plaintiff has not exhausted any grievance relating to Scott, or to an allegation that he did not receive proper medical or mental health care. Scott has also provided a declaration from Janet Butler, who is the inmate grievance officer for the ADC, and prepares responses to inmate grievances for the ADC's assistant and deputy directors. According to Butler, from February of 2007 until August of 2009, her office responded to only one grievance regarding classification and job assignments, DR-08-357, which was signed by ADC Assistant Director Ronald Dobbs on December 4, 2008.

Efird, Lagrone, and Cashion, have also provided an affidavit from Butler indicating that none of them are named in a grievance appeal filed by Plaintiff regarding his work assignment (docket entry #69, exhibit A). That affidavit also indicates that grievance DR-08-357, is the only grievance Plaintiff filed regarding his job assignment.

In his responses, brief, and statement of facts, Plaintiff appears to largely agree with the facts Defendants have articulated as they relate to Plaintiff's grievance activities. Indeed, Plaintiff has attached to his brief a copy of grievance DR-08-357 (docket entry #78, exhibit 1G), and seems to rely upon it for evidence that he has achieved proper exhaustion.[2] Nowhere in DR-08-357 is any

---

[2]In his brief, Plaintiff indicates that he also filed a grievance regarding his health and field assignment at some point prior to August 18, 2008, when he filed DR-08-357, but he has not provided a copy of that earlier grievance.

Defendant named, despite instructions on the form itself directing the inmate to be specific as to, among other things, the "personnel involved." This requirement is also set forth in the ADC's policy regarding grievances (docket entry #65, exhibit A, page 4). In fact, the policy even warns inmates that their failure to name all parties in a grievance could lead to the dismissal of a future lawsuit. Importantly, the question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The only exhausted grievance, DR-08-357, deals with Plaintiff's assertion that his status as a diabetic patient automatically exempted him from "being in the field on utility squad." It did not challenge his medical classification or medical decisions by Defendant Scott. Nurse Holman's response explained that he was M-2 and that it did not exempt him from assignment to a field utility squad. This is the challenged decision that Plaintiff appealed to the ADC defendants. He has not exhausted a grievance challenging Scott's refusal to reconsider his medical classification/limitations or asserting that ADC officials were ignoring his medical classification. Rather, the only issue that he has exhausted through the grievance process is his assertion that his status as having a diabetic condition automatically excluded him from field utility assignment. Plaintiff creatively seeks to amend his grievance by referring to alleged interaction that he had with Defendants about his "situation," but this approach would defeat the purposes of the grievance process and exhaustion requirement.

Plaintiff argues that the lack of any Defendant being named is not fatal to his claim because the grievance was investigated in the absence of a specific name being provided; and because the Defendants, while each raised lack of exhaustion as an affirmative defense, have not requested a ruling on the issue before, and have therefore waived any right to rely on such a defense. The fact that ADC officials may have investigated Plaintiff's claims in the absence of a specific name in no

way relieves Plaintiff of his responsibility to provide specific names in his grievances. Indeed, in *Porter v. Nussle*, 534 U.S. 516, 525 (2002), the Supreme Court explained that the rationale for the exhaustion requirement is to allow prison officials the time and opportunity to review and rectify complaints before the inmate is forced to initiate a civil rights action. Nothing about Plaintiff's lone exhausted grievance would provide any Defendant with any notice of actions or inaction that they could have addressed before Plaintiff filed his lawsuit. Plaintiff argues that each Defendant received the grievance. However, even if all of the Defendants received the grievance, nothing in the grievance would cause any Defendant to believe that Plaintiff took issue with their specific actions or inactions. Moreover, any Defendant's receipt of the grievance does not cure the defect under the ADC policy. Any other result would mean that everyone in the various levels of appeal would automatically have to be treated as if their actions in denying an appeal constituted an action being grieved by an inmate when he appealed to the next level. This is not a reasonable construction of the ADC grievance policy or of the statutory exhaustion requirement. Finally, the fact that the Court has not ruled on Defendants' affirmative defense of Plaintiff's failure to exhaust does not amount to a waiver of the defense on the part of the Defendants. Defendants properly raised the defense when they filed their answer and again in their motions for summary judgment. Accordingly, no material facts remain in dispute, and Defendants' motions for summary judgment should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motions for summary judgment filed by Defendant Robert Scott (docket entry #65), and Defendants Connie Efird, Clayton Lagrone, and Mark Cashion (docket entry #68) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.	The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   30   day of October, 2009.

UNITED STATES MAGISTRATE JUDGE